## BAYS NORTON *vs.* JAMES WILBUR.

No exception lies to the refusal of the presiding judge to take a case from the jury, or to grant a new trial, because of a juror's interest or bias, unless it appears that the refusal involved some question of law.

ACTION OF TORT. Trial in the court of common pleas for Dukes County before *Bishop*, J., to whose rulings the plaintiff alleged exceptions.

Before the jury were impanelled, the court, at the request of the plaintiff's counsel, asked one of the jurors the statute question, whether he had any interest or bias. The juror answered in the negative. While the jury were out, the plaintiff filed a motion to take the case from the jury, because this juror had

manifested an interest, bias, and prejudice, such as would render him incompetent; and in support of his motion introduced certain evidence, which was stated at length in the bill of exceptions. But the court refused to take the case from the jury. After a verdict for the defendant, the plaintiff moved for a new trial on the same ground, and supported this motion by similar evidence. This motion was also overruled. And to these rulings the plaintiff alleged exceptions.

*T. D. Robinson*, for the plaintiff.

No appearance for the defendant.

MERRICK, J. It does not appear from the bill of exceptions that the motions of the plaintiff were denied on account of any legal objection, or because any doubt was entertained of the authority of the court to allow them, if the facts upon which they were predicated had been satisfactorily proved. As the alleged interest or bias of the juror objected to depended wholly upon facts, the decision of the question concerning it belonged exclusively to the judge before whom the motions were severally heard and determined. The evidence adduced by the plaintiff in support of his motions is set forth in the bill of exceptions; but what weight ought to be given to it, when compared and contrasted with the denials of the juror himself upon his examination, or whether there was any other proof before the court besides that which is here reported, need not now be considered, since the decision of the presiding judge was final and conclusive upon the question of fact, and he did not see fit to raise or reserve any question of law concerning it. *Kinnicutt v. Stockwell*, 8 Cush. 73.                    *Exceptions overruled.*